**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JULIO MULERO, | Civil Action No. 17-11913 (JLL) |
| Petitioner, | |
| v. | **MEMORANDUM OPINION** |
| GEORGE ROBINSON, et al., | |
| Respondents. | |

IT APPEARING THAT:

1. On or about November 15, 2017, *pro se* Petitioner, Julio Mulero, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his state court conviction. (ECF No. 1).

2. Following Petitioner's payment of the applicable filing fee, this Court entered an order screening Petitioner's petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases and directing Petitioner to show cause within thirty days why his petition should not be dismissed as time barred. (ECF No. 6).

3. Despite the passage of more than two months, Petitioner has failed to respond to that order. (ECF Docket Sheet).

4. As this Court explained in the order to show cause,

   > Petitions for a writ of *habeas corpus* brought pursuant to 28 U.S.C. § 2254 are subject to a one year statute of limitations. *See See Ross v. Varano*, 712 F.3d 784, 798 (3d Cir. 2013); *see also Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 (3d Cir. 2013). In most cases, including this one, that one year statute of limitations begins to run on the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court. *Ross*, 712 F.3d at 798; *Jenkins*, 705 F.3d 84; *see also* 28 U.S.C. § 2244(d)(1)(A).

In this matter, Petitioner was tried and convicted of various robbery related charges in the Superior Court of New Jersey at some point prior to October 2008. *See State v. Mulero*, 2008 WL 4703109 (N.J. App. Div. Oct. 28, 2008). Petitioner appealed, and on October 28, 2008, the Appellate Division affirmed his conviction, but remanded for resentencing. *Id.* Petitioner filed a petition for certification with the New Jersey Supreme Court, but that petition was denied on January 20, 2009. *See State v. Mulero*, 197 N.J. 476 (2009). While that petition was pending, Petitioner was resentenced on remand on January 7, 2009. (ECF No. 1 at 1). Petitioner once again appealed, and the Appellate Division affirmed his reduced sentence of 30 years on August 24, 2010. (ECF No. 1 at 3). Petitioner does not appear to have filed a second petition for certification following the affirmance of his resentencing. As such, Petitioner's conviction became final twenty days after the Appellate Division's affirmance of his sentence on September 13, 2010, when the time for filing a petition for certification with the New Jersey Supreme Court expired. *Ross*, 712 F.3d at 798; *see also* N.J. Court R. 2:12-3 (requiring that an appellant seeking review of a final decision of the Appellate Division file notice of petition for certification within twenty days). Thus absent some form of tolling, Petitioner's one year habeas limitations period would have expired one year later, on September 13, 2011.

The Antiterrorism and Effective Death Penalty Act statute of limitations is subject to statutory tolling which automatically applies to the period of time during which a petitioner has a properly filed petition for post-conviction relief (PCR) pending in the state courts. *Jenkins*, 705 F.3d at 85 (quoting 28 U.S.C. § 2244(d)(2)). Unfortunately for Petitioner, however, he did not file his PCR petition until October 9, 2012, more than a year after his limitations period had expired. Statutory tolling is thus of no benefit to Petitioner as his limitations period had run more than a year before such tolling could apply to his case, and Petitioner's habeas petition is therefore untimely absent some basis for equitably tolling his limitations period for at least twenty-two months[, including both the thirteen months of tolling required to prevent the entire one year limitations period from expiring during the more than two years between his conviction becoming final and his filing of his first PCR petition and an additional nine months which passed between the denial of certification on PCR and the filing of this petition].[]

Equitable tolling "is a remedy which should be invoked 'only sparingly.'" *United States v. Bass*, 268 F. App'x 196, 199 (3d Cir. 2008) (quoting *United States v. Midgley*, 142 F.3d 174, 179 (3d Cir.

1998)).  To receive the benefit of equitable tolling, a petitioner must show "(1) that he faced 'extraordinary circumstances that stood in the way of timely filing,' and (2) that he exercised reasonable diligence."  *United States v. Johnson*, 590 F. App'x 176, 179 (3d Cir. 2014) (quoting *Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011)).

In his petition, Petitioner fails to set forth any basis for the equitable tolling of his limitations period, and this Court perceives no basis for tolling from the petition.  Petitioner's habeas petition thus appears to be time barred by at least twenty-two months.

(ECF No. 6 ¶¶ 4–8).

5. As this Court perceives no basis for the equitable tolling of Petitioner's limitations period, and as Petitioner has utterly failed to present any such basis insomuch as he has failed to respond to the Court's order to show cause, it is clear that Petitioner's current habeas petition is well and truly time barred.  Petitioner's petition shall therefore be dismissed with prejudice.

6. Pursuant to 28 U.S.C. §2253(c), a petitioner may not appeal from a final order in a habeas proceeding where that petitioner's detention arises out of his state court conviction unless he has "made a substantial showing of the denial of a constitutional right."  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented here are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack*, 529 U.S.

at 484. Because Petitioner's habeas petition is clearly time barred and Petitioner has utterly failed to demonstrate any basis for equitable tolling, jurists of reason could not debate that this Court is correct in determining that his petition must be dismissed as untimely. A certificate of appealability is therefore denied.

7. In conclusion, Petitioner's petition for a writ of habeas corpus, (ECF No. 1), is dismissed with prejudice as time barred, and Petitioner is denied a certificate of appealability. An appropriate order follows.

**JOSE L. LINARES**
Chief Judge, United States District Court