NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JULIO MULERO, | Civil Action No. 17-11913 (JLL) |
| Petitioner, | **MEMORANDUM OPINION** |
| v. | |
| GEORGE ROBINSON, *et al.*, | |
| Respondents. | |

IT APPEARING THAT:

1. On or about November 15, 2017, Petitioner, Julio Mulero, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his state court conviction. (ECF No. 1).

2. Following Petitioner's payment of the applicable filing fee, this Court entered an order screening Petitioner's petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, and directing Petitioner to show cause within thirty days why his petition should not be dismissed as time-barred. (ECF No. 6). As this Court explained in the order to show cause,

   > Petitions for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 are subject to a one year statute of limitations. *See Ross v. Varano*, 712 F.3d 784, 798 (3d Cir. 2013); *see also Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 (3d Cir. 2013). In most cases, including this one, that one year statute of limitations begins to run on the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court. *Ross*, 712 F.3d at 798; *Jenkins*, 705 F.3d 84; *see also* 28 U.S.C. § 2244(d)(1)(A).

In this matter, Petitioner was tried and convicted of various robbery related charges in the Superior Court of New Jersey at some point prior to October 2008. *See State v. Mulero*, 2008 WL 4703109 (N.J. App. Div. Oct. 28, 2008). Petitioner appealed, and on October 28, 2008, the Appellate Division affirmed his conviction, but remanded for resentencing. *Id.* Petitioner filed a petition for certification with the New Jersey Supreme Court, but that petition was denied on January 20, 2009. *See State v. Mulero*, 197 N.J. 476 (2009). While that petition was pending, Petitioner was resentenced on remand on January 7, 2009. (ECF No. 1 at 1). Petitioner once again appealed, and the Appellate Division affirmed his reduced sentence of 30 years on August 24, 2010. (ECF No. 1 at 3). Petitioner does not appear to have filed a second petition for certification following the affirmance of his resentencing. As such, Petitioner's conviction became final twenty days after the Appellate Division's affirmance of his sentence on September 13, 2010, when the time for filing a petition for certification with the New Jersey Supreme Court expired. *Ross*, 712 F.3d at 798; *see also* N.J. Court R. 2:12-3 (requiring that an appellant seeking review of a final decision of the Appellate Division file notice of petition for certification within twenty days). Thus absent some form of tolling, Petitioner's one year habeas limitations period would have expired one year later, on September 13, 2011.

The Antiterrorism and Effective Death Penalty Act statute of limitations is subject to statutory tolling which automatically applies to the period of time during which a petitioner has a properly filed petition for post-conviction relief ("PCR") pending in the state courts. *Jenkins*, 705 F.3d at 85 (quoting 28 U.S.C. § 2244(d)(2)). Unfortunately for Petitioner, however, he did not file his PCR petition until October 9, 2012, more than a year after his limitations period had expired. Statutory tolling is thus of no benefit to Petitioner as his limitations period had run more than a year before such tolling could apply to his case, and Petitioner's habeas petition is therefore untimely absent some basis for equitably tolling his limitations period for at least twenty-two months[, including both the thirteen months of tolling required to prevent the entire one year limitations period from expiring during the more than two years between his conviction becoming final and his filing of his first PCR petition and an additional nine months which passed between the denial of certification on PCR and the filing of this petition].[]

Equitable tolling "is a remedy which should be invoked 'only sparingly.'" *United States v. Bass*, 268 F. App'x 196, 199 (3d Cir. 2008) (quoting *United States v. Midgley*, 142 F.3d 174, 179 (3d Cir. 1998)). To receive the benefit of equitable tolling, a petitioner

2

> must show "(1) that he faced 'extraordinary circumstances that stood in the way of timely filing,' and (2) that he exercised reasonable diligence." *United States v. Johnson*, 590 F. App'x 176, 179 (3d Cir. 2014) (quoting *Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011)).
>
> In his petition, Petitioner fails to set forth any basis for the equitable tolling of his limitations period, and this Court perceives no basis for tolling from the petition. Petitioner's habeas petition thus appears to be time barred by at least twenty-two months . . . .

(ECF No. 6 at 1–3) (paragraph numbers omitted).

3. This twenty-two-month period includes both "the approximately thirteen months of tolling Petitioner would require for his limitations period not to have expired in the more than two years between the date on which his conviction became final and the filing of his PCR petition," and "an additional nine months covering the period between the denial of certification as to his PCR petition in February 2017 and the filing of this matter in November 2017." (*Id.* at 3 n.1).

4. As Petitioner failed to timely respond to the Order to Show Cause, this Court entered a final order and memorandum opinion on April 18, 2018, dismissing Petitioner's habeas petition with prejudice as time-barred. (ECF Nos. 7-8).

5. On July 26, 2018, Petitioner filed with this Court a motion, brought pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, in which he requests that this Court reopen this matter and provide him relief from the Court's order dismissing his habeas petition as time barred. (ECF No. 9). In his motion, Petitioner suggests that he only failed to respond to the Court's Order to Show Cause because the paralegal assisting him failed to prepare a timely response and "misle[d]" him, telling him he would file an appeal. (*Id.* at 3). As to the timeliness issue, Petitioner presents only a single argument as to why his petition should not be considered time barred – that because his PCR appeal only terminated in February

3

2017, his filing of his petition in November 2017 should be timely as it was filed within a year of the termination of his PCR proceedings. (*Id.* at 5-6).

6. "Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 529 (2005). "The remedy provided by Rule 60(b) is extraordinary, and special circumstances must justify granting relief under it." *Jones v. Citigroup, Inc.*, Civil Action No. 14-6547, 2015 WL 3385938, at *3 (D.N.J. May 26, 2015) (quoting *Moolenaar v. Gov't of the Virgin Islands*, 822 F.3d 1342, 1346 (3d Cir. 1987). While Rules 60(b)(1)-(5) permit reopening a judgment for specific, enumerated reasons including fraud or mistake, Rule 60(b)(6) permits a party to seek relief form a final judgment for "any . . . reason that justifies relief." "The standard for granting a Rule 60(b)(6) motion is a high one. The movant must show 'extraordinary circumstances' to justify reopening a final judgment." *Michael v. Wetzel*, 570 F. App'x 176, 180 (3d Cir. 2014) (quoting *Gonzalez*, 545 U.S. at 536). "[A] showing of extraordinary circumstances involves a showing that without relief from the judgment, 'an "extreme" and "unexpected" hardship will result.'" *Budget Blinds, Inc. v. White*, 536 F.3d 244, 255 (3d Cir. 2008) (quoting *Mayberry v. Maroney*, 558 F.2d 1159, 1163 (3d Cir. 1977)).

7. Even if this Court were to excuse Petitioner's considerably late response to the Court's Order to Show Cause, Petitioner has still failed to show any basis for the Court to consider his habeas petition timely. Although Petitioner argues that he filed his habeas petition within a year of the conclusion of his PCR proceedings, that fact does not make his petition timely. As this Court explained in both its Order to Show Cause and memorandum opinion,

4

Petitioner's one-year statute of limitations expired more than a year before Petitioner's PCR proceedings began, and Petitioner's filing of his PCR proceedings thus in no way tolled the habeas limitations period. Petitioner's habeas petition remains well and truly time barred as Petitioner has failed to challenge this Court's finding that Petitioner's habeas limitations expired long before he filed his PCR petition. Petitioner has therefore failed to show that this Court erred in dismissing his petition as time barred, and Petitioner is therefore not entitled to relief.

8. Based on this reasoning, Petitioner's Rule 60(b) motion is DENIED. An appropriate order follows this Memorandum Opinion.

Dated: ~~July~~ Aug 7, 2018.

JOSE L. LINARES
Chief Judge, United States District Court